FILED
December 20, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ___DT___
Deputy

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

Case No: EP:23-CR-02507-KC

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>JESUS RODRIGUEZ DE LA CRUZ<br><br>Defendant | **S E A L E D**<br>**INDICTMENT**<br><br>**COUNTS 1-3**: 18 U.S.C. § 1343<br>Wire Fraud<br><br>**COUNT 4**: 18 U.S.C. § 1957(a)<br>Engaging in a Monetary Transaction Over $10,000 Using Criminally Derived Proceeds<br><br>**COUNT 5**: 18 U.S.C. § 1028(a)(7)<br>Identity Theft<br><br>**COUNT 6**: 18 U.S.C. § 1028A<br>Aggravated Identity Theft |

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Morgan Stanley is a Delaware Corporation with its principal place of business in New York, New York. Morgan Stanley provides diversified financial services, including in global asset management, investment banking, and global securities. Among these, Morgan Stanley offers financial advisement services.

2. Defendant **JESUS RODRIGUEZ DE LA CRUZ** was employed as a financial advisor at Morgan Stanley in El Paso, Texas. In this capacity, **RODRIGUEZ** managed client accounts and advised clients residing primarily in El Paso, Texas, and Mexico.

## COUNTS ONE THROUGH THREE
### (Wire Fraud)
### (18 U.S.C. § 1343)

3. Counts One through Three incorporate by reference, as if fully set forth herein, each and every paragraph of this Indictment.

## THE SCHEME TO DEFRAUD

4. Beginning at least by May 2018 and continuing to on or about August 2021, Defendant **JESUS RODRIGUEZ DE LA CRUZ** devised and intended to devise a scheme to defraud Morgan Stanley and R.S., of money and to obtain money by means of materially false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

5. While working as a financial advisor at Morgan Stanley, **RODRIGUEZ** orchestrated the fraudulent transfers of money in bank accounts belonging to Morgan Stanley or from Morgan Stanley's clients to other bank accounts for his own benefit.

6. An individual identified herein as R.S. was an acquaintance of **RODRIGUEZ**. Prior to 2018, **RODRIGUEZ** convinced R.S. to invest her money with Morgan Stanley and with **RODRIGUEZ** acting as her financial advisor.

7. **RODRIGUEZ** managed R.S.'s investment accounts with Morgan Stanley. Prior to November of 2018, **RODRIGUEZ** persuaded R.S. to open a Morgan Stanley line of credit account ending in 4851 ("R.S.'s line of credit account"). A line of credit agreement is an arrangement between a financial institution—usually a bank—and a customer that establishes the maximum loan amount that the customer can borrow. The borrower can access funds from the line of credit at any time as long as they do not exceed the maximum amount (or credit limit) set in the agreement.

8. According to Morgan Stanley policy at place during times relevant to this Indictment, a customer can access funds from the line of credit with verbal authorization if those funds are under $50,000. Morgan Stanley required written customer authorization for

disbursements over $50,000.

9.  **RODRIGUEZ** created false communications and documents impersonating R.S. and submitted them to Morgan Stanley personnel to cause fraudulent transfers of money drawn on R.S.'s line of credit account for **RODRIGUEZ**'s profit.

10. Morgan Stanley relied on these false documents and communications in allowing the financial transactions on R.S.'s line of credit account to proceed.

11. On or about December 24, 2018, **RODRIGUEZ** completed a "Verbal Wire Processing Form," an internal Morgan Stanley form, falsely claiming that R.S. had verbally authorized the transfer of $48,575.36 from R.S.'s line of credit account for the purchase of real estate in El Paso. **RODRIGUEZ** submitted this form to Morgan Stanley personnel. Relying on this documentation, Morgan Stanley initiated the wire transfer from R.S.'s line of credit account, through the agent bank of Citibank, to an account at a separate financial institution which belonged to a family member of **RODRIGUEZ**. **RODRIGUEZ** knew that R.S. never authorized this transaction.

12. On or about December 26, 2018, **RODRIGUEZ** emailed his Morgan Stanley email account, jesus1.rodriguez@morganstanley.com, from elalamosot@gmail.com, a fictitious Gmail account he had created to impersonate R.S. Attached to the email, **RODRIGUEZ** included a fake letter he had drafted in which R.S. purportedly authorized a $125,000.000 wire transfer from her line of credit account for the purchase of commercial property in El Paso. **RODRIGUEZ** affixed a copy of R.S.'s signature to this letter, even though he knew R.S. had not authorized the transaction, created, or signed this letter. **RODRIGUEZ** submitted this letter to Morgan Stanley personnel via email. Relying on this documentation, Morgan Stanley initiated the wire transfer of $125,000.00 from R.S.'s line of credit account to take place on or about December 26, 2018, through the agent bank of Citibank, to an account at a separate financial institution owned by the seller of a Lamborghini. **RODRIGUEZ** used this $125,000.00 to purchase a Lamborghini for

himself.

13. On or about January 18, 2019, **RODRIGUEZ** sent Morgan Stanley personnel another fake letter he had drafted in which R.S. purportedly authorized a $56,500.00 wire transfer from R.S.'s line of credit account for improvements on commercial property in El Paso. **RODRIGUEZ** affixed a copy of R.S.'s signature to this letter, even though he knew that R.S. had not authorized the transaction, created, or signed this letter. Relying on this documentation, Morgan Stanley initiated the wire transfer of $56,500.00 from R.S.'s line of credit account to take place on or about January 18, 2019, through the agent bank of Citibank, to an account at a separate financial institution which belonged to a family member of **RODRIGUEZ**.

## EXECUTION OF THE SCHEME

14. On or about the following dates, in the Western District of Texas and elsewhere, Defendant,

**JESUS RODRIGUEZ DE LA CRUZ,**

having devised and intended to devise the aforesaid scheme, for the purpose of executing said scheme, and attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals and sounds to and from the Western District of Texas, as described below.

| Count | Approximate Date | Transaction |
|---|---|---|
| 1 | 12/24/2018 | Wire of approximately $48,575.36 from R.S.'s Morgan Stanley line of credit account ending in 4851, via agent bank Citibank, to an account at a separate financial institution ending in 9126 |
| 2 | 12/26/2018 | Email from elalamosot@gmail.com to jesus1.rodriguez@morganstanley.com, with a false and forged letter from R.S. falsely authorizing wire transfer of approximately $125,000.00 |

| 3 | 12/26/2018 | Wire of approximately $125,000.00 from R.S.'s Morgan Stanley line of credit account ending in 4851, via agent bank Citibank, to an account at a separate financial institution ending in 0399, facilitating **RODRIGUEZ**'s purchase of a Lamborghini |
|---|---|---|

All in violation of Title 18, United States Code, Section 1343.

## COUNT FOUR
(Engaging in a Monetary Transaction Over $10,000 Using Criminally Derived Proceeds)
(18 U.S.C. § 1957(a))

15. Count Four incorporates by reference, as if fully set forth herein, each and every paragraph of this Indictment.

16. On or about January 18, 2019, in the Western District of Texas and elsewhere, Defendant,

**JESUS RODRIGUEZ DE LA CRUZ,**

did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce in criminally derived property of a value greater than $10,000 by, through, or to a financial institution, to wit, a wire of approximately $56,500.00 from R.S.'s Morgan Stanley line of credit account ending in 4851, via agent bank Citibank, to an account at a separate financial institution ending in 0538, such property having been derived from a specified unlawful activity, that is, Wire Fraud under Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1957(a).

## COUNT FIVE
(Identity Theft)
(18 U.S.C. § 1028(a)(7))

16. On or about December 26, 2018, in the Western District of Texas and elsewhere, Defendant,

**JESUS RODRIGUEZ DE LA CRUZ,**

did knowingly transfer, possess, and use in or affecting interstate commerce, without lawful authority, a means of identification of another person, to wit, a letter with the false and fraudulent signature of R.S., knowing that the means of identification belonged to another actual person, with the intent to commit, or in connection with, an unlawful activity that constituted one or more felonies, to wit, Wire Fraud under Title 18, United States Code, Section 1343, as charged in Counts Two and Three of the Indictment, all in violation of Title 18, United States Code, Section 1028(a)(7).

**COUNT SIX**
(Aggravated Identity Theft)
(18 U.S.C. § 1028A(a)(1))

17. On or about December 26, 2018, in the Western District of Texas and elsewhere, Defendant,

**JESUS RODRIGUEZ DE LA CRUZ,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the signature of R.S., which included R.S.'s full name, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), wit, Wire Fraud under Title 18, United States Code, Section 1343, as charged in Counts Two and Three of the Indictment, knowing that the means of identification belonged to another actual person, all in violation of Title 18, United States Code, Section 1028A(a)(1).

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
[*See* **Fed. R. Crim. P. 32.2**]

This Notice of Demand for Forfeiture includes but is not limited to the property described below.

**I.**
**Wire Fraud Violations and Forfeiture Statutes**
**[Title 18 U.S.C. §§ 1343 and 1349, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts One through Three, the

United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

> **Title 18 U.S.C. § 981. Civil forfeiture**
>
>> **(a)(1)** The following property is subject to forfeiture to the United States:
>> * * *
>> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section ... or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Wire Fraud is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

> **Title 28 U.S.C. § 2461.**
>
>> **(c)** If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure...

## II.
## Money Laundering Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 1957(a), subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(1)]**

As a result of the criminal violations set forth in Count Four, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of property upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 982(a)(1), which states:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
>> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957 . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

## III.
## Property

2015 Lamborghini Huracan VIN Number ZHWEC1ZF6FLA02444

# IV.
# Money Judgment

**Money Judgment**: a sum of money which represents value of the property involved in and the amount of proceeds the Defendant obtained directly or indirectly as a result of the violations set forth above for which the Defendant is liable.

# V.
# Substitute Property

If any property subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute property pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

Foreperson

JAIME ESPARZA
UNITED STATES ATTORNEY

By: _____ for
FOR: WILLIAM CALVE
    Assistant United States Attorney

By: _____
FOR: ADRIAN GALLEGOS
    Assistant United States Attorney